IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAMAR ANDERSON,
#M32519,

      Plaintiff,

v.

WEXFORD HEALTH SERVICES,
ANTHONY WILLS,
MOHAMMED SIDDIQUI,
DOCTOR CALDWELL,
MICHAEL MOLDENHAUER,
ANGELA CRAIN, and
AMY LANG,

      Defendants.

Case No. 22-cv-00221-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Lamar Anderson, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff alleges that over seven years ago he developed eczema while at Stateville Correctional Center ("Stateville"). (Doc. 1, p. 3). The condition causes his skin to crack, bleed, and itch. (Doc. 1, p. 3). After trying various treatments, the medical providers at Stateville began to successfully treat Plaintiff's eczema with Benadryl and an ointment. At some point, Plaintiff

was transferred to Pontiac Correctional Center, where the providers prescribed different medication for the eczema. This new medication did not work, and eventually, Plaintiff resumed Benadryl and the ointment. The medical staff wrote the details concerning the unsuccessful and successful treatments in Plaintiff's medical files. (*Id.*).

On December 4, 2016, Plaintiff was transferred to Menard Correctional Center. Once Plaintiff finished his eczema medication, medical staff refused to renew the prescriptions for Benadryl and the ointment. Rather, they stated they were going to try another kind of treatment, "which they knew was not going to work." Plaintiff wrote a grievance, and Defendants renewed the Benadryl prescription. However, when this prescription was completed, again, Nurse Lang refused to provide Plaintiff with a refill and stated they were going to try another medication.

Plaintiff requested to see a doctor. (Doc. 1, p. 3). Plaintiff spoke to Dr. Siddiqui, Dr. Caldwell, and Nurse Practitioner Moldenhauer about how the new treatment for his eczema was not working. Despite these conversations, Defendants continued to not renew the Benadryl and ointment prescription.

PRELIMINARY DISMISSALS

The Court dismisses all claims against Wexford Health Services and Warden Wills. The only allegation against these two Defendants is that they are responsible for providing adequate healthcare to all inmates. (Doc. 1, p. 2). This is not sufficient to state a claim under Section 1983, as the doctrine of *respondeat superior* or supervisory liability does not apply. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Plaintiff's claims brought under the First Amendment and the Equal Protection Clause are also dismissed. Plaintiff alleges that his rights under the First Amendment were violated when his grievances were not properly addressed and did not result in the medical staff performing their duties. (Doc. 1, p. 4). Prison grievance procedures, however, "are not mandated by the First

Amendment and do not by their very existence create interests protected by the Due Process clause" and so the alleged mishandling of a grievance by a "person who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

Likewise, Plaintiff has failed to state a claim under the Fourteenth Amendment. He asserts that failure to renew his medicine once the prescription had expired violates the Equal Protection Clause. (Doc. 1, p. 4). He has not, however, alleged facts to support an equal protection violation by any Defendant. *See, e.g., Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009). *See also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (conclusory legal statements are not sufficient to state a claim).

## DISCUSSION

Based on these allegations, the Court finds it convenient to designate the following count:

**Count 1:**   Eighth Amendment deliberate indifference claim against Siddiqui, Caldwell, Moldenhauer, Crain, and Lang for failing to provide Plaintiff adequate treatment for his eczema.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

At this time, Plaintiff has stated sufficient facts to support a claim of deliberate indifference against Dr. Siddiqui, Dr. Caldwell, NP Moldenhauer, Nurse Lang, and Crain. Count 1 will proceed.

## DISPOSITION

For the reasons stated, the Complaint survives preliminary review pursuant to Section

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

1915A. **COUNT 1** shall proceed against Defendants Siddiqui, Caldwell, Moldenhauer, Lang, and Crain. All claims against Wexford Health Sources and Wills are **DISMISSED without prejudice.** The Clerk of Court is **DIRECTED** to terminate these defendants as parties to this case.

As this case involves issues concerning Plaintiff's medical care, the Clerk is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Siddiqui, Caldwell, Moldenhauer, Lang, and Crain the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendants' place of employment. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   May 30, 2023**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.