IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAMAR ANDERSON,
#M32519,

        Plaintiff,

v.

MOHAMMED SIDDIQUI, *et al.,*

        Defendants.

Case No. 22-cv-00221-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    This matter is before the Court for case management purposes. On November 13, 2023, Defendants filed motions for summary judgment on the issue of whether Plaintiff exhausted his administrative remedies prior to initiating this suit. (Doc. 34, 37). The parties are advised that Southern District of Illinois has adopted revisions to its Local Rules, effective October 30, 2023, which include new Local Rule 56.1. Motions for summary judgment in this District, and responses thereto, must comply with the new SDIL-LR 56.1 in addition to Federal Rule of Civil Procedure 56.[1] The Rule 56.1 is set forth in full below.

---

[1] Specifically, Local Rule 56.1(j) requires that motions for summary judgment served on *pro se* parties must be accompanied by a certification that notice of the consequences for failing to respond to a motion for summary judgment has been served on the *pro se* party. Defendants Caldwell and Siddiqui have filed such notice, Defendants Lang and Crain have not. (*See* Doc. 36). Plaintiff is advised that the procedures, deadlines, and information provided in the Notice of Motion filed by Defendants Siddiqui and Caldwell equally apply to the motion for summary judgment filed by Defendants Lang and Crain.

**SOUTHERN DISTRICT OF ILLINOIS – LOCAL RULE 56.1 SUMMARY JUDGMENT**
(*See* **Fed. R. Civ. P. 56**)

(a) Briefs in support of a motion for summary judgment must contain a Statement of Material Facts which sets forth each relevant, material fact in a separately numbered paragraph. **A material fact is one that bears directly on a legal issue raised in the motion**. Each paragraph must contain specific citation(s) to the record, including page number(s).

(b) Briefs in opposition to a motion for summary judgment must contain a Response to Statement of Material Facts. The response shall contain corresponding paragraphs to the Statement of Material Facts that state whether the fact is: (1) admitted; (2) disputed; (3) admitted in part and disputed in part (specifying which part is admitted and which part is disputed); or (4) not supported by the record citation. The disputed facts, or parts of facts, shall contain specific citation(s) to the record, including page number(s), upon which the opposing party relies, where available.

(c) An opposing party may provide a Statement of Additional Material Facts in its opposition brief which sets forth any additional material facts in separately numbered paragraphs. The Statement of Additional Material Facts must contain specific citation(s) to the record, including page number(s).

(d) The moving party may file a Reply to Statement of Additional Material Facts. The reply shall contain corresponding paragraphs to the Statement of Additional Material Facts that state whether the fact is: (1) admitted; (2) disputed; (3) admitted in part and disputed in part (specifying which part is admitted and which part is disputed); or (4) not supported by the record citation. The disputed facts, or parts of facts, shall contain specific citation(s) to the record, including page number(s), upon which the moving party relies, where available. The reply may contain additional argument (limited to five pages), *see* SDIL-LR 7.1(a)(4), but should not contain any rebuttal to the movant's initial Statement of Material Facts.

(e) Briefs in support of or in opposition to a Motion for Summary Judgment shall not exceed 20 pages, exclusive of all documents listed in SDIL-LR 7.1(a)(3) and any Statement of Material Facts, Response to Statement of Material Facts, Statement of Additional Material Facts, or Reply to Statement of Additional Material Facts.

(f) The Court will disregard any asserted fact that is not supported with a citation to the record, unless the factual basis for the assertion is clearly identifiable from the parties' related citations or permissible inference.

(g) All material facts set forth in a Statement of Material Facts or a Statement of Additional Material Facts shall be deemed admitted for purposes of summary judgment unless specifically disputed.

(h) The Court may strike any motion or response that does not comply with this Local Rule.

(i) The Court disfavors collateral motions—such as motions to strike—in the summary judgment process. Any dispute over the admissibility or effect of evidence must be raised through an objection within a party's brief.

(j) This Local Rule applies equally to represented and *pro se* parties. Motions for summary judgment served on *pro se* parties must be accompanied by a certification that notice of the consequences for failing to respond to a motion for summary judgment has been served on the *pro se* party as required by *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

(k) This Local Rule shall not apply to cases that involve the review of an administrative record including, but not limited to, cases brought pursuant to the Social Security Act or the Freedom of Information Act.

**IT IS SO ORDERED.**

**DATED:   November 16, 2023**

                                             *s/Stephen P. McGlynn*
                                             **STEPHEN P. MCGLYNN**
                                             **United States District Judge**